SOJENHOMER LLC
7791 State Highway 42
Egg Harbor, WI 54209; and

7783 STH 42 LLC
5806 State Highway 42
Sturgeon Bay, WI 54235; and

CONCH CO. INC.
7791 State Highway 42,
Egg Harbor, Wisconsin 54209

    Plaintiffs,

  vs.

Case No. 23-CV-44

VILLAGE OF EGG HARBOR BOARD OF TRUSTEES
7860 State Highway 42,
Egg Harbor, Wisconsin 54209; and

VILLAGE OF EGG HARBOR PLAN COMMISSION
7860 State Highway 42,
Egg Harbor, Wisconsin 54209; and

CAMBRIA H. MUELLER
Village Board Trustee and Plan Commission Chair
7750 Sleepy Hollow Rd
Egg Harbor, WI 54209; and

JOHN C. HELLER
Village Board Chair
7842 Eames Farm Rd
Egg Harbor, WI 54209; and

CHRISTOPHER ROEDL
Plan Commission Member
6115 Anschutz Ln
Egg Harbor, WI 54209; and

1

JON KOLB
Plan Commission Member
5004 Beach View Ln
Egg Harbor, WI 54209; and

LISA VAN LAANEN
Village Board Trustee
7802 Horseshoe Bay Rd
Egg Harbor, WI 54209; and

ANGELA LENSCH
Village Board Trustee
7653 State Highway 42
Egg Harbor, WI 54209; and

KENNETH H. MATHYS,
Village Board Trustee
7695 Evergreen Rd
Egg Harbor, WI 54209.

    Defendants.

## COMPLAINT

  NOW COME the plaintiffs, Sojenhomer LLC, 7783 STH 42 LLC, and Conch Co. Inc. by their attorneys, PINKERT LAW FIRM LLP, and as and for a cause of action against the Defendants, Village of Egg Harbor Board of Trustees, Village of Egg Harbor Plan Commission, Cambria H. Mueller, John C. Heller, Christopher Roedl, Jon Kolb, Lisa Van Laanen, Angela Lensch, and Kenneth H. Mathys allege as follows:

### PARTIES

  1.  The plaintiff, Sojenhomer LLC ("Sojenhomer"), is a Wisconsin limited liability company with its home office and principal place of business located at 7791 State Highway 42, Egg Harbor, Wisconsin 54209.

2. The plaintiff, 7783 STH 42 LLC ("7783 STH"), is a Wisconsin limited liability company with its home office and principal place of business located at 5806 State Highway 42, Sturgeon Bay, Wisconsin, 54235.

3. The plaintiff, Conch Co. Inc. ("Conch Co."), is a Wisconsin Corporation with its home office and principal place of business located at 7791 State Highway 42, Egg Harbor, Wisconsin 54209.

4. The defendant, Village of Egg Harbor Board of Trustees ("Village Board"), is a committee of the Village of Egg Harbor established by Wisconsin Statutes and has a principal office located at 7860 State Highway 42, P.O. Box 175, Egg Harbor, Wisconsin 54209-0175.

5. The defendant, Village of Egg Harbor Plan Commission ("Plan Commission"), is a committee of the Village of Egg Harbor established by Wisconsin Statutes and has a principal office located at 7860 State Highway 42, P.O. Box 175, Egg Harbor, Wisconsin 54209-0175.

6. The defendant, Cambria H. Mueller, is an adult individual who is a trustee of the Village Board and chair of the Plan Commission.

7. The defendant, Christopher Roedl, is an adult individual who is a member of the Plan Commission.

8. The Defendant Jon Kolb, is an adult individual who is a member of the Plan Commission.

9. The defendant, Lisa Van Laanen, is an adult individual who is a trustee of the Village Board.

10. The defendant, John C. Heller, is an adult individual who is the chair of the Village Board.

11. The defendant, Angela Lensch, is an adult individual who is a trustee of the Village Board.

12. The defendant, Kenneth H. Mathys, is an adult individual who is a trustee of the Village Board.

## JURISDICTION

13. This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331 and 1343.

14. Venue in the United States District Court for the Eastern District of Wisconsin is proper pursuant to 28 U.S.C. § 1391.

## BACKGROUND

### PROPERTY

15. The plaintiffs hereby reallege and incorporate herein by reference as though fully set forth all the allegations contained in paragraphs 1 through 14 above.

16. Sojenhomer is the owner of a tract of land in the Village of Egg Harbor, Door County, Wisconsin, located at 7791 State Hwy 42 with Tax Parcel No. 118-0125302612N ("Sojenhomer's Property").

17. 7783 STH is the owner of a tract of land in the Village of Egg Harbor, Door County Wisconsin, located at 7783 State Hwy 42, with Tax Parcel No. 118-0125302612P ("7783 STH's Property").

18. Sojenhomer's Property is currently the location of Shipwrecked Brew Pub, a restaurant and brew pub.

19. Conch Co. is the operator of Shipwrecked Brew Pub.

4

20. Sojenhomer and 7783 STH intend to combine their properties in order to expand Shipwrecked Brew Pub (the "Building Expansion").

21. The Building Expansion will be operated by Conch. Co. on the land owned by Sojenhomer and 7783 STH. (The parties will collectively be referred to as the "Shipwrecked Group")

22. The Building Expansion requires a conditional use permit under the Village of Egg Harbor Zoning Ordinances.

23. An initial conditional use permit application was applied for by Sojenhomer and 7783 STH on or about January 15, 2021, a public hearing was held on February 23, 2021, and the application was denied on March 2, 2021 by the Plan Commission.

24. Christopher Roedl, a member of public at the time, sends a letter opposing the project which includes personal attacks on the representatives of Sojenhomer.

25. Christopher Roedl, as a member of the public at the time, sends an email to Plan Commission member Cambria Mueller stating, "[t]here seems to be many avenues/ways to put a halt to this project."

26. On or about March 10, 2021, a GoFundMe Page was created titled, "Smart Growth Egg Harbor."

27. The purpose of Smart Growth Egg Harbor is to create a fund to contribute to attorney's fees for Egg Harbor residents and business owners looking to ensure the village ordinances are upheld.

28. The page contains a photo changing the name of Egg Harbor to "KEG Harbor".

29. The only project relating to any alcoholic beverages at the time the GoFundMe page was created was the Building Expansion.

5

## CONDITIONAL USE PERMIT APPLICATION

30. On March 23, 2021, Sojenhomer and 7782 STH, through their agent, filed a new conditional use permit application for the Building Expansion (the "CUP application").

31. On April 27, 2021, an initial meeting was held by the Plan Commission regarding the CUP application. A public hearing was scheduled for May 11, 2021.

32. On May 10, 2021, Chris Roedl is appointed to Village Plan Commission by the Village Board.

33. Prior to the May 11, 2021 public hearing, Plan Commission members Jon Kolb and Chris Roedl donated under their own names to the GoFundMe campaign.

34. Prior to the May 11, 2021 public hearing, both Jon Kolb and Chris Roedl changed their donation to anonymous.

35. On May 11, 2021, a public hearing was held in regard to the CUP application.

36. At the May 11, 2021 public hearing, Plan Commission members Jon Kolb and Chris Roedl recused themselves when it was brought up by Sojenhomer's attorneys that these donations occurred.

37. At the May 11, 2021 public hearing, Plan Commission Member Jon Kolb after recusing himself, publicly testified as a member of the public during the public hearing.

38. During his public testimony, Mr. Kolb testified the project is a safety concern.

39. During his public testimony, Mr. Kolb testified the fee in lieu of parking was supposed to be $200 not $50.

40. During his public testimony, Mr. Kolb testified the fee in lieu of parking was not intended to be used in the way Sojenhomer and 7783 STH proposed.

6

41. At the end of the hearing the Plan Commission Chair stated the Plan Commission will review the testimony and the comprehensive plan and will meet on May 25, 2021.

42. At the May 25, 2021 hearing, the Plan Commission stated that it desired the Building Expansion to incorporate more onsite parking.

43. The Plan Commission tabled its decision on the CUP application and requested Sojenhomer and 7783 STH to find a way to include more parking.

44. On July 27, 2021, Sojenhomer and 7783 STH, based on the desires of the Plan Commission for more physical parking spaces, submitted an application for Special Development District Relief to potentially expand the onsite parking for the Building Expansion.

45. The application for Special Development District Relief did not amend the CUP application.

46. The application for Special Development District Relief was not a resubmittal of the CUP application.

47. On July 27, 2021, Sojenhomer and 7783 STH, based on the desires of the Plan Commission for more physical parking spaces, submitted to the Village of Egg Harbor options for CUP conditions that would expand onsite parking on two parcels within the Village of Egg Harbor that could be used for parking for the Building Expansion pursuant to Village of Egg Harbor Ordinances.

48. On August 23, 2021, the Plan Commission held a second public hearing on the CUP application and a public hearing on the application for Special Development District Relief.

49. Upon information and belief, after the public hearing, the Plan Commission reviewed and acknowledged correspondence that was not presented at the public hearing.

50. On August 24, 2021, the Plan Commission met to discuss the CUP application.

51. Prior to the August 24, 2021 meeting, Christopher Roedl sent an email to the Plan Commission members and Village of Egg Harbor staff detailing arguments against the Building Expansion.

52. This email was acknowledged by the Plan Commission in its August 24th meeting but not given to the Shipwrecked Group.

53. Plan Commission Member Jon Kolb, after recusing himself and publicly testifying regarding the CUP application, then reinstated himself as part of the Plan Commission and substantially participated in the discussion on the conditions of the CUP and ultimately whether or not to grant the CUP application.

54. The Plan Commission did not make a decision at the August 24, 2021 meeting and tabled the matter for another meeting.

55. On September 27, 2021, upon information and belief Christopher Roedl sent a letter to the Plan Commission detailing arguments for denial based on Scale, Intent of FILOP, Mitigation of Congestion, Safety, Diversity of Use, and an argument to not allow Sojenhomer to have more than 302 seats.

56. The letter sent by Christopher Roedl was not made available to the Shipwrecked group during the meetings on the CUP application.

57. On September 28, 2021, the Plan Commission again met to discuss the CUP application.

58. During the discussion of potential conditions, Mr. Kolb's vote caused a tie vote between Plan Commission members on the final condition of the conditional use permit.

59. As a result of this tie vote, the Plan Commission tabled its determination on whether to grant or deny the CUP application and tabled the matter for another meeting.

60. On October 13, 2021, at its third meeting after the second public hearing, instead of finalizing the conditions, the Plan Commission denied the CUP application.

61. Mr. Kolb voted to deny the CUP application.

62. Upon information and belief, the Plan Commission incorporated correspondence that was not presented at the public hearing as a basis for its denial of the CUP application.

63. Chris Roedl, a Plan Commission member who recused himself, presented arguments and information in support of denial of the CUP application to the Plan Commission outside of the public hearing.

64. Upon information and belief, the arguments and information submitted by Chris Roedl were used by the Plan Commission to make its determination to deny the CUP application.

65. The Plan Commission issued a written decision on October 29, 2021.

## CIRCUIT COURT CASE

51. On November 24, 2021, Sojenhomer and 7783 STH filed a complaint in the Door County Circuit Court against the Village of Egg Harbor and Village Plan Commission for certiorari review of the Plan Commission's decision to deny the CUP application.

52. On October 5, 2022 the Door County Circuit Court entered an order reversing the Plan Commission's denial of the CUP application and requiring an issuance of the conditional use permit.

## LIQUOR LICENSE EXPANSION

53. After the Circuit Court's Decision and Order to issue the Conditional Use Permit, Conch Co. applied for the expansion of its Class B liquor license to accommodate the Building Expansion.

54. An expansion is considered a transfer of a liquor license.

55. On October 10, 2022 the Village Board tabled Conch Co's liquor license expansion application

56. The Village Board requested a map showing the area of the proposed liquor license expansion.

57. At the October 10, 2022 meeting it was stated by the Village Board that once maps are provided liquor licenses are normally approved.

58. At the time of Conch Co.'s application for expansion, the Village of Egg Harbor had no ordinance that required the submittal of a map detailing the liquor license premises.

59. Conch Co. submitted a map detailing the liquor license premises expansion.

60. On November 14, 2022, the Village Board denied the liquor license expansion.

61. The denial was due to the fact that the Village Plan Commission denied the CUP application.

62. The Village Board articulated no other reasons for its denial.

### VILLAGE OF EGG HARBOR PARKING ORDINANCE

63. Prior to February 8, 2021 an applicant was able to count public parking spaces within 500 feet of the applicant's property to meet the parking requirements under Village of Egg Harbor Ordinances.

64. Sojenhomer and 7783's initial conditional use permit application on January 15, 2021 was complaint with the Village of Egg Harbor Parking Ordinance.

65. On February 8, 2021 the Village Board amended the parking ordinance to remove the ability to count public parking spaces within 500 feet of your property. It introduced a $50 Fee in Lieu of Parking Fee.

66. On September 13, 2021 the Village Board amended the parking ordinance to increase the amount of the fee in lieu of parking to $250 per year and capped the amount at 30 spaces.

## CAUSE OF ACTION I
## 42 U.S.C. § 1983 – AGAINST JON KOLB, CHRISTOPHER ROEDL, AND PLAN COMMISSION

67. The plaintiffs hereby reallege and incorporate herein by reference as though fully set forth all the allegations contained in paragraphs 1 through 66, above.

68. The Plan Commission is granted the authority under Wisconsin State Statutes and Village of Egg Harbors Ordinance's to hear and decide conditional use permit applications.

69. Under Wisconsin Law Sojenhomer and 7783 STH had a protected interest in a fair and impartial hearing and application of the ordinances.

70. Christopher Roedl used his position as a plan commission member to influence the other plan commission members in denying the CUP application

71. Christopher Roedl was reckless and intentional in his actions to attempt to deny the CUP application.

72. Jon Kolb was reckless and intentional in his actions to attempt to deny the CUP application.

73. The Plan Commission and its members recklessly and intentionally ignored Village of Egg Harbor ordinances in order to deny the CUP application.

74. The Plan Commission and its members intentionally treated Sojenhomer and 7783 STH different than other restaurants and taverns in Egg Harbor.

75. The Plan Commission and its members intentionally and recklessly treated Sojenhomer and 7783 STH different than other conditional use permit applicants.

76. Sojenhomer and 7783 STH were not given a fair and impartial hearing by the Plan Commission in regard to their CUP application.

77. Jon Kolb and Christopher Roedl predetermined that they were going to deny Sojenhomer's and 7783 STH's CUP application.

78. Pursuant to 42 U.S.C. § 1983, the actions of Jon Kolb and Christopher Roedl as Plan Commission Members violated Sojenhomer and 7783 STH's rights to equal protection of the law, substantial due process, and procedural due process guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, Sec. 1 of the Wisconsin Constitution.

79. Pursuant to 42 U.S.C. § 1983, the Plan Commission and its member's application of the Ordinance, denial of the CUP application, and other actions complained violated Sojenhomer and 7783 STH's right to equal protection of the law, substantial due process, and procedural due process guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, Sec. 1 of the Wisconsin Constitution.

## CAUSE OF ACTION II
## 42 U.S.C. 1983 – AGAINST VILLAGE BOARD, CAMBRIA MUELLER, JOHN HELLER LISA VANLAANEN, ANGELA LENSCH, AND KEN MATHYS

80. The plaintiffs hereby reallege and incorporate herein by reference as though fully set forth all the allegations contained in paragraphs 1 through 79, above.

81. Conch Co. complied with all applicable ordinances in its submittal of the liquor license expansion.

82. Conch Co. was treated differently than all other Class B liquor license holders without reason.

83. The Village Board and the individual trustees intentionally Conch Co. different than other restaurants and taverns in Egg Harbor.

12

84. The Village Board imposed requirements not required under Village of Egg Harbor ordinances.

85. The Village Board arbitrarily denied the liquor license expansion.

86. Pursuant to 42 U.S.C. § 1983, the Village Board's application of the Ordinance, denial of the liquor license expansion, and other actions complained violated Conch Co.'s right to equal protection of the law, substantial due process, and procedural due process guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, Sec. 1 of the Wisconsin Constitution.

## CAUSE OF ACTION III
## 42 U.S.C. § 1985(3) – CONSPIRACY AGAINST ALL DEFENDANTS

87. The plaintiffs hereby reallege and incorporate herein by reference as though fully set forth all the allegations contained in paragraphs 1 through 86, above.

88. The defendants conspired to stop the Building Expansion of the Shipwrecked Group.

89. The defendants amended their ordinances in an attempt to stop the Building Expansion.

90. The defendants reckless and intentionally treated the Shipwrecked Group different than all other businesses located in Egg Harbor.

91. The defendants allowed other expansions of similarly situated businesses within the Village of Egg Harbor.

92. The defendants knew their actions had no basis in law.

93. The defendants violated the Shipwrecked Group's right to equal protection of the law, guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, Sec. 1 of the Wisconsin Constitution.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiffs Sojenhomer LLC, 7783 STH 42 LLC, and Conch Co. Inc. pray the Court to grant relief as follows:

1. Declare the actions of the defendants are in violation of the United States and Wisconsin Constitutions;

2. Award the plaintiffs compensatory and punitive damages;

3. Award the plaintiffs their costs of litigation, including reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988 (b); and

4. Grant such other and further relief as the Court deems proper.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38.**

Dated this 11th day of January, 2023.

PINKERT LAW FIRM LLP

By: _____
Tyler D. Pluff
State Bar No. 1114503
Attorney for Plaintiffs
Pinkert Law Firm LLP
454 Kentucky Street
P.O. Box 89
Sturgeon Bay, WI 54235
Phone: 920-743-6505
Fax: 920-743-2041
email: tpluff@pinkertlawfirm.com